UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS RIVERA,

                                                 **Plaintiff,**

   -against-

                                                 9: 05-CV-0967

**DONALD SELSKY**, Director of Special Housing
and Inmate Disciplinary Programs, NYS DOCS;
**KENNETH S. PERLMAN**, Superintendent,
Mid-State Correctional Facility; **G. LAWRENCE**,
Housing Lieutenant, Mid-State Correctional
Facility; **T. HART**, Tier III Hearing Officer,
Mid-State Correctional Facility,,

                                              **Defendants.**
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

### DECISION & ORDER

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. George H. Lowe, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). The Report-Recommendation dated January 5, 2007 recommended that Defendants' motion for Fed. R. Civ. P. 12(b)(6) dismissal be granted, Plaintiff's motion for Fed. R. Civ. P. 56 summary judgment be denied, and that the action be dismissed in its entirety. Plaintiff has filed objections to the Report-Recommendation.

      When objections to a magistrate judge's Report-Recommendation are lodged, the

Court reviews the record *de novo*. See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]. The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Lowe for the reasons stated in the January 5, 2007 Report-Recommendation with one exception. To the extent that Plaintiff alleges a First Amendment retaliation claim against Defendant Lawrence, the Court finds that Plaintiff has alleged enough - although just barely - to survive a Rule 12(b)(6) motion to dismiss.

> To state a First Amendment claim for retaliation, an inmate must demonstrate (1) that he was engaged in constitutionally protected activity, (2) that the defendant took adverse action against him, and (3) that there was a causal connection between the protected speech and the adverse action in that the alleged adverse action was substantially motivated by the protected activity. See Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002)(quotation omitted); see also Gayle v. Gonyea, 313 F.3d 677, 682 (2d Cir. 2002)(quotation omitted).

Chavis v. Kienert, 2005 WL 2452150, at * 16 (N.D.N.Y. Sept. 30, 2005).

Plaintiff's grievance against Defendant Lawrence constitutes protected activity. Ciaprazi v. Goord, 2005 WL 3531464, at *7 (N.D.N.Y. Dec. 22, 2005) ("[P]laintiff, who has lodged formal complaints of prison conditions and treatment of inmates, has engaged in protected activity."). To the extent that Plaintiff alleges (or implies) that Defendant Lawrence falsely accused him of misbehavior thereby improperly resulting in his placement in the Special Housing Unit, it *could* be considered that Lawrence took adverse action against him. See Bartley v. Collins, 2006 WL 1289256, at * 6 (S.D.N.Y.

May 10, 2006).[1]  A finder of fact could also infer a casual connection between Plaintiff's grievance against Lawrence and Lawrence's misbehavior report against Plaitniff.  See Davis v. Goord, 320 F.3d 346, 354 (2d Cir. 2003) ("In order to satisfy the causation requirement, allegations must be 'sufficient to support the inference that the speech played a substantial part in the adverse action.'")

While Plaintiff's claim appears exceedingly weak given his conviction on the charges brought by Lawrence,  Hynes v. Squillace, 143 F. 3d 653, 657 (2d Cir.)(*per curiam*), cert. denied, 525 U.S. 907 (1998); see Rivera v. Senkowski, 62 F.3d 80, 86 (2d Cir. 1995)(Under Second Circuit precedent, there is a "presumption that a prison official's acts to maintain order are done for a proper purpose."); Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994)(even if a prison official acts based on improper retaliatory motives in part, a constitutional challenge will be rejected if the action would have been taken in the absence of the improper reason); Sher v. Coughlin, 739 F.2d 77, 82 (2d Cir. 1984) ("in some cases the undisputed facts may demonstrate that the challenged action would have been taken on the valid basis alone, and such a conclusion will frequently be readily drawn in the context of prison administration"); Freeman v. Goord, 2005 WL 3333465, at *4

---

[1] In the prison context, adverse action is defined objectively as "retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising ... constitutional rights.' " [Gill v. Pidlypchack, 389 F.3d 379, 383 (2d Cir. 2004)](quoting Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003)). A subjective definition is not adopted because "it would be unfair in the extreme to rule that plaintiff's bringing of the subsequent claim in itself defeated his claim of retaliation." Id. If the retaliatory conduct would not deter a similarly situated prisoner of ordinary firmness from exercising his constitutional rights, it " 'is simply *de minimis* and therefore outside the ambit of constitutional protection.' " Davis, 320 F.3d at 353 (quoting [Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001)].

Bartley v. Collins, 2006 WL 1289256, at * 6 (S.D.N.Y. May 10, 2006).

3

(S.D.N.Y. Dec. 10, 2005) ("Even if an inmate plaintiff meets his burden under this three-pronged test, defendants are entitled to summary judgment ... if the undisputed facts demonstrate that the challenged action clearly would have been taken on a valid basis alone," as courts "employ a presumption that a prison official's acts to maintain order are done for a proper purpose.") (citations and quotations omitted), he has alleged enough to survive a Rule 12(b)(6) motion on this claim.

The Court has considered Plaintiff's other grounds for objection and finds them to be without merit.

It is therefore

**ORDERED** that Defendants' motion to dismiss [dkt. # 13] is **GRANTED in part and DENIED in part.**   The motion is granted as to all claims against all defendants *except* the First Amendment Retaliation claim against Defendant Lawrence.  Plaintiff's cross-motion for summary judgment [dkt. # 28] is **DENIED.**


**IT IS SO ORDERED**.

DATED:   March 29, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge